UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLOTTE CHAVIS                                            CIVIL ACTION

VERSUS                                                      NO. 2:21-CV-2103

STANDARD INSURANCE COMPANY

**COMPLAINT**

The Complaint of Charlotte Chavis respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.S.C. Sec. 1001 et seq.; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Charlotte Chavis**, of lawful age and a resident of Lake Charles, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, SWLA Center for Health Services and an insured participant of a group disability policy issued by Standard Insurance Company.

4. Defendant, **Standard Insurance Company** ("Standard"), is a foreign corporation, doing business in Louisiana. Upon information and belief, Standard Insurance is incorporated in Portland, Oregon and its principal place of business is in the state of Oregon.

5. Standard issued a group policy insuring the employees of SWLA Center for Health Services. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 U.S.C. Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job as a dental hygienist on a

       fulltime basis. Her condition also precludes her form performing the duties of any occupation on a fulltime basis.

8. Plaintiff suffers from debilitating pain and decreased range of motion in her right shoulder, cervical spondylosis, herniated disks, radiculopathy, rheumatoid arthritis, osteoporosis, osteopenia, and right glenohumeral arthritis.

9. Plaintiff is disabled under the terms of the disability policy issued by Standard.

10. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

11. Standard wrongfully denied Plaintiff benefits she is entitled to under terms of the disability policy. Standard asserted a policy limitation in the policy that does not apply to Plaintiff because she is disabled due to conditions that do not have a limited benefit period.

12. Plaintiff appealed the denial, but Standard upheld its previous decision.

13. Standard's denials are based on insubstantial evidence and are arbitrary and an abuse of any purported discretionary authority.

14. Plaintiff has exhausted her administrative remedies and now files this suit to reverse Standard's denial of benefits.

15. Standard administered Plaintiff's claim with an inherent and structural conflict of interest as Standard is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Standard's assets.

16. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

17. Plaintiff is entitled to an award of interest on all money that Defendant should have paid to Plaintiff.

18.  Defendant's denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1.  For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2.  For all reasonable attorney fees;

3.  For costs of suit; and

4.  For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)
201 St. Charles Avenue, Suite 4208
New Orleans, LA 70170
(504) 582-1286; (f) (313) 692-5927
rtoledano@willefordlaw.com